JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Bobby Pillar ("defendant") appeals from the judgment of the trial court denying his motion to suppress the evidence and thereafter finding him guilty. For the reasons set forth below, we affirm.
 {¶ 2} Defendant was indicted on one count of possession of drugs in violation of R.C. 2925.11, one count of drug trafficking in violation of R.C. 2925.03, with a juvenile specification and one count of possessing criminal tools in violation of R.C. 2923.24. Defendant originally pled not guilty to the indictment, which he later retracted and entered a plea of no contest to the charges. Defendant filed a motion to suppress the evidence, which the trial court denied prior to finding him guilty and sentencing him. It is from this ruling that defendant now appeals, asserting three assignments of error for our review.
 I. {¶ 3} In his first assignment of error, defendant maintains the trial court erred in failing to grant his motion to suppress because the underlying search warrant was not supported by probable cause.
 {¶ 4} The Fourth Amendment to the United States Constitution guarantees people the right to be free from unreasonable searches and seizures and provides that no warrants shall issue but upon probable cause. In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, the duty of the reviewing court is to determine whether the issuing judge had a substantial basis to conclude that probable cause existed. State v. George (1989),45 Ohio St.3d 325, paragraph two of the syllabus, following Illinois v.Gates (1983), 462 U.S. 213, 238-239. Neither a trial court nor an appellate court should substitute its judgment for that of the issuing magistrate by conducting a de novo review. Id. In making the determination of whether there was a substantial basis to conclude that probable cause existed, the reviewing court must:
 {¶ 5} "Make a practical, common-sense decision whether given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."
 {¶ 6} Id. at paragraph one of the syllabus. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, reviewing courts should afford great deference to the issuing magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. Id.
 {¶ 7} In this case, the affidavit in support of the search warrant stated that Cleveland Police Department detectives conducted surveillance for a period of six weeks following various citizen complaints that defendant was trafficking drugs out of his residence. One of the complaints mentioned defendant by name and provided his cell phone and home phone numbers. During the course of the surveillance, affiant noticed moderate vehicle and pedestrian traffic entering the residence and staying for only short periods of time, which, in his training and experience was indicative of drug trafficking. Affiant conducted a "trash pull" of the garbage at the residence and found miscellaneous plastic bags with suspected cocaine residue, and a piece of a cigarette containing what appeared to be marijuana. Affiant also found plastic bags with the corners torn out, indicating they were likely used to store cocaine. While the trash bags also contained mail addressed to the downstairs tenant, affiant stated that no activity indicative of drug trafficking was observed from the downstairs unit during the six weeks of surveillance.
 {¶ 8} We find the information provided as a basis for probable cause certainly falls within the area of a doubtful or marginal case, and as such, we must resolve it in favor of upholding the warrant. "Doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." Ibid.
 {¶ 9} We therefore overrule this assignment of error.
 II. {¶ 10} In his second assignment of error, defendant avers there was insufficient probable cause for the issuance of an "all persons" search warrant. We disagree.
 {¶ 11} The Ohio Supreme Court enunciated the standard for proper issuance of an "all persons" search warrant in State v. Kinney (1998),83 Ohio St.3d 85, syllabus:
 {¶ 12} "A search warrant authorizing the search of `all persons' on a particular premises does not violate the Fourth Amendment requirement of particularity if the supporting affidavit shows probable cause that every individual on the subject premises will be in possession of, at the time of the search, evidence of the kind sought in the warrant."
 {¶ 13} Furthermore, the court noted that probable cause will more likely exist to support the search of all persons within a private residence than it would for a search of all persons in a place open to the public. Id. at 91. The court reasoned that when executing an "all persons" warrant in a public place, there exists a substantial likelihood that a person with no connection to the criminal wrongdoing might be subjected to a search without probable cause. The court also found a search for illegal drugs is more likely to support a search of all persons rather than a search for evidence of many other crimes. Id.
 {¶ 14} In the instant case, the affidavit in support of the search warrant delineated the need for an "all persons" warrant, stating:
 {¶ 15} "In the experience of affiant, narcotic drugs are frequently carried or concealed by people who are present at locations where drugs are used, possessed, kept, or being sold, and the size of usable quantities of drugs are small, making them easy to conceal on one's person. It is also affiant's experience that numerous individuals will occupy drug houses. Some persons will be involved with the direct sales, some with the job of protecting the premises, some with preparing and packaging drugs, and some with the collection of the monies generated from the illegal activity. It is also affiant's experience and training that those who [traffic] in illegal drugs will usually not permit those who are unaware or uninvolved in drug trafficking activity or use within the premise where the trafficking is conducted. It is therefore necessary to search all persons located in the premises."
 {¶ 16} In this case, we find the search warrant authorizing the search of "all persons" satisfies the requirement of particularity and demonstrates probable cause that every individual on the premises will be in possession of, at the time of the search, evidence of drug possession or drug trafficking. Id. We therefore overrule this assignment of error.
 III. {¶ 17} In his final assignment of error, defendant claims the evidence should have been suppressed because the issuance of an "all persons" warrant is per se unconstitutional. However, within the assignment of error, defendant also concedes that stare decisis compels this court to follow State v. Kinney, supra, and deny his assignment of error. We acknowledge this concession and find no merit to defendant's final assignment of error.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., Concurs.
 Sean C. Gallagher, J., Dissents (See attached Dissenting Opinion)
 DISSENTING OPINION