JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Lamont Mitchell, appeals his conviction for drug possession and possession of criminal tools. After a thorough review of the arguments presented and for the reasons set forth below, we affirm.
 {¶ 2} On March 11, 2005, appellant was charged in three counts of a four count indictment,[1] specifically: Count One, drug possession (crack cocaine), in violation of R.C.2925.11; Count Two, drug trafficking (crack cocaine), in violation of R.C. 2925.03; and Count Three, possession of criminal tools, in violation of R.C. 2923.24. These charges arose from the discovery of crack cocaine on appellant pursuant to the execution of a search warrant.
 {¶ 3} In January 2005, the Cleveland Police Department received information from a confidential reliable informant ("CRI") that a woman named "Tessi" was selling crack cocaine at 11721 Union Avenue, Apartment 2, in Cleveland. The CRI also described Tessi's physical characteristics. In reliance on this information, the police set up controlled purchases at the Union Avenue location, which were successful. Based on the success of these controlled purchases and Tessi's suspected criminal history, a search warrant was obtained on February 4, 2005. The warrant authorized the search of the above address, "its curtilage, common and storage areas, vehicles on the premises and any person present therein for the property specified."
 {¶ 4} On February 8, 2005, the warrant was executed. Upon entering the premises, two individuals were discovered, appellant and his mother ("Tessi"), and they were detained and handcuffed. Detective Dale Dvorak ("Dvorak") performed a pat down search of appellant, and in the course of this pat down, Dvorak felt a large bulge in appellant's left pants pocket. Based on his experience of fifteen years as a police officer and seven years in the narcotics unit, Dvorak believed this bulge to be illegal narcotics. Consequently, Dvorak removed the bulge to discover a baggy containing numerous rocks of suspected crack cocaine. A total of $593 was also found on appellant's person.
 {¶ 5} On June 16, 2005, appellant waived his right to a jury and proceeded with a bench trial. At trial, the state called two witnesses. They first called Dvorak, who testified to the above facts and identified the state's exhibits of the incriminating evidence via photographs of the drugs and money. The state then called Cynthia Lewis ("Lewis") to testify. Lewis was a Scientific Examiner for the City of Cleveland in its scientific investigative unit, forensic laboratory. Lewis positively identified the substance in the baggy as crack cocaine. At the close of the state's case, appellant made a Crim.R. 29 motion for acquittal, which was denied.
 {¶ 6} On June 16, 2005, the trial court found appellant not guilty of drug trafficking, but guilty on the counts of drug possession (a felony of the third degree) and possession of criminal tools (a felony of the fifth degree). On August 10, 2005, appellant was sentenced to one year imprisonment on count one and ten months on count three. The terms were ordered to run concurrently.
 {¶ 7} Appellant appeals his conviction asserting two assignments of error:
 {¶ 8} "I. Defendant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 9} In his first assignment of error, appellant argues that he was not afforded effective assistance of counsel. He contends that since his trial attorney did not file a pretrial motion to suppress evidence found on his person, his counsel's performance was prejudicially deficient. We disagree.
 {¶ 10} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington
(1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144.
 {¶ 11} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner.State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299.
 {¶ 12} With regard to the issue of ineffective assistance of counsel, the Supreme Court of Ohio held in State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, that:
 {¶ 13} "`When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. Fist, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle
(1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498,358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington
(1984), 466 U.S. 668. * * *
 {¶ 14} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 (1981).'Strickland, supra, at 691. To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *.
 {¶ 15} "Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, supra, at 141, 142.
 {¶ 16} In the case before us, we do not find that appellant has sufficiently met the first prong of the Strickland test, in that we do not find the performance of appellant's counsel to have been deficient. The record indicates that the evidence found on appellant's person was properly obtained pursuant to a validly executed search warrant. Thus, any failure to object to such evidence does not arise to deficient performance.
 {¶ 17} Appellant challenges the validity of the underlying "all persons" warrant, allowing the executing officer to search "all persons" present on the property. Appellant argues that the facts and circumstances clearly do not allow for such a broad warrant. We disagree.
 {¶ 18} In State v. Kinney (1998), 83 Ohio St.3d 85, 96,698 N.E.2d 49, the Ohio Supreme Court held that a court "may issue warrants authorizing the search of all persons without violating the particularity and probable cause requirements" of the United States Constitution. For such a warrant to be valid, it must be supported by probable cause that every individual on the premises will be in possession of evidence of the kind sought in the search warrant. Kinney, supra.
 {¶ 19} In this case, the premises subjected to the "all persons" warrant was an apartment known for selling drugs. The police had recently performed two successful controlled buys from the premises. It was also an individual's private residence. Affidavits filed in support of this particular warrant stated that this was a known drug premises and that it was necessary to search all persons present due to its location. The Ohio Supreme Court stated in Kinney:
 {¶ 20} "`Illicit drug trafficking' is `now of epidemic proportion.' People v. Thurman (1989), 209 Cal. App.3d 817,822, 257 Cal. Rptr. 517, 519. Individuals who are present in a drug trafficking residence raise special concerns for law enforcement. A drug trafficking residence often has more than one person on the premises. * * * Most occupants are armed and dangerous. Combined, these concerns involve the safety of all individuals on the premises, since drugs and concealed weapons are involved. This is far different from a general exploratory search.
 {¶ 21} "In Commonwealth v. Smith (1976), 370 Mass. 335,348 N.E.2d 101, the Massachusetts Supreme Judicial Court held that a warrant authorizing the search of `any person present' was valid when the affidavit showed that heroin was being sold from an apartment subjected to search under warrant. Id.,370 Mass. at 344, 348 N.E.2d at 106. * * * The Massachusetts court reasoned that `the insidious nature of the contraband * * * was such as to render it more likely than not that the participants would act in secret and to the exclusion of innocent persons and possible informants." Id. at 343-344, 348 N.E.2d at 106. Thus, the court concluded that the issuing magistrate could reasonably have inferred that no innocent parties would be present during the search. Id. at 346, 248 N.E.2d at 107, fn. 12.
 {¶ 22} "We find the logic of the Smith opinion compelling. A "crack house" is used primarily, or even exclusively, for the sale and consumption of crack. * * * Therefore, there was an overwhelming probability that anyone present possessed crack/cocaine or other contraband." Kinney, supra at 89-90.
 {¶ 23} In that light, this court has reasoned that probable cause will more likely exist to support the search of all persons within a private residence. State v. Pillar, 2005-Ohio-630, citing Kinney, supra. This court further reasoned that a search for illegal drugs is more likely to support a search of all persons rather than a search for other types of evidence. Id. These factors, along with other circumstances, were present in the case at bar. Because this court grants deference to the warrant issuing court, we find nothing in the record that clearly would require the invalidation of this search warrant. Id.
 {¶ 24} Upon review of the record, we do not find fault with the "all persons" search warrant. There is no reasonable probability that a motion to suppress evidence would have been successful in this case; therefore, counsel's failure to file such a motion does not rise to the level of deficient performance sufficient to reverse a conviction based on ineffective assistance of counsel. Appellant's first assignment of error is overruled.
 {¶ 25} "II. The trial court's determination of guilt on count one was not supported by sufficient evidence as required by due process."
 {¶ 26} Appellant next argues that his conviction was not supported by sufficient evidence. In State v. Jenks (1991),61 Ohio St.3d 259, the Ohio Supreme Court reexamined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 27} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph two of the syllabus.
 {¶ 28} More recently, in State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 29} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31,45, 102 [*387] S.Ct. 2211, 2220, 72 L.Ed. 2d 652, 663, citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed. 2d 560." Id. at 386-387.
 {¶ 30} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. Cohen v. Lamko (1984), 10 Ohio St.3d 167,462 N.E.2d 407.
 {¶ 31} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely
(1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230. {¶ 32} A review of the record here clearly demonstrates sufficient evidence was presented to sustain appellant's conviction. Appellant contends that since the drugs underlying his convictions were not admitted into evidence, there is insufficient evidence before the trial court to sustain his conviction. We disagree.
 {¶ 33} The Ohio Supreme Court has held that a drug may be identified by circumstantial evidence. State v. McKee (2001),91 Ohio St.3d 292, syllabus. "Witnesses with firsthand knowledge are permitted to offer lay opinion testimony where they have a reasonable basis — grounded either in experience or specialized knowledge — before arriving at the opinion expressed." Id.
 {¶ 34} The state presented testimony from Detective Dvorak who, via photographs of the relevant evidence, positively identified the criminal substances found on appellant's person. There was also testimony from Lewis, who personally tested the pertinent substances for their drug content, and she stated that the substances tested positive for crack cocaine. Taking the evidence in a light most favorable to the prosecution, there is clearly competent and credible evidence sufficient to sustain appellant's drug conviction.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Calabrese, Jr., J., concur.
[1] Count Four of the original indictment did not apply to appellant.