JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} The State of Ohio appeals the trial court's decision to grant defendant-appellee Joan Kelly's (Kelly) motion to suppress. After reviewing the parties' arguments and pertinent case law, we affirm.
 {¶ 2} On June 7, 2007, a Cuyahoga County Grand Jury indicted Kelly on the following ten counts: four counts of drug trafficking: valium, percocet, oxycodone, and marijuana; four counts of drug possession: valium, percocet, vicodin, and oxycodone; and one count of possessing criminal tools.
 {¶ 3} The search warrant asserted that at 12502 Summerland Avenue, Cleveland, Ohio, marijuana and other narcotic drugs or controlled substances were being unlawfully kept, in addition to other evidence of drug trafficking activity. Attached in support of the search warrant was the affidavit of Cleveland Police Detective Juan Mendoza (Mendoza) of the First District Vice Unit, a detective for three years and an officer for the last thirteen years.
 {¶ 4} Mendoza stated in his affidavit that his vice unit had received "numerous citizen complaints for the above-described premises over the past six to nine months. These complaints included: pedestrian traffic, noise, and drug activity."
 {¶ 5} Mendoza further stated in his affidavit that:
 "[W]ithin the past forty-eight hours, he and members of his unit removed numerous bags of trash which had been deposited on the tree lawn of the above-described premises. *Page 4 Contents of 1 of these bags included but not limited to: (1) mail addressed to Joan Kelly (2) one, large plastic bag with suspected marijuana residue[.] In affiant's training and experience, a bag of this size is indicative of trafficking activity."
 {¶ 6} Mendoza also stated that, "the purported marijuana residue is consistent in color and texture with marijuana and that *** in his experience and training, individuals who traffic in marijuana will very often use large plastic bags to store large quantities of marijuana before it is broken down into small, resalable quantities."
 {¶ 7} Approval of the search warrant led to the search of 12502 Summerland Avenue and Kelly's arrest.
 {¶ 8} On November 30, 2007, Kelly filed a motion to suppress. On March 6, 2008, the matter proceeded to hearing. The trial court granted Kelly's motion, and issued extensive findings of fact, stating:
 "And this court is well aware of the standards when reviewing the motion to suppress that's based upon a warrant that may not have issued with probable cause. This Court is not in a position to second guess *** and does have to confine itself to the affidavit that was provided by the officer, and certainly deference is due to the issuing magistrate ***. *** The warrant should not have been issued and the motion to suppress is granted." (Tr. 31-32, 37.)
 {¶ 9} The State of Ohio appeals, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR *Page 5 
 "The trial court erred when it granted the defendant-appellee's motion to suppress and found that there was not sufficient probable cause contained within the affidavit to issue the warrant."
 {¶ 10} The State of Ohio argues that the trial court erred when it granted Kelly's motion to suppress.
 {¶ 11} The Fourth Amendment to the United States Constitution, applied to the states via the Fourteenth Amendment, reads in part:
 "[T]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."
 {¶ 12} Article I, Section 14 of the Ohio Constitution is nearly the same.
 {¶ 13} We follow Illinois v. Gates (1983), 462 U.S. 213, and State v.George (1989), 45 Ohio St.3d 325, in determining whether a search warrant is valid. As such, we have held that:
 "Although the United States Constitution requires search warrants to issue only upon probable cause, Gates requires a reviewing court to defer to an issuing judge's discretion when deciding whether a warrant was validly issued. Thus, even though the existence of probable cause is a legal question to be determined on the historical facts presented, we will uphold the warrant if the issuing judge had a substantial basis for believing that probable cause existed." State v. Reniff (2001), 146 Ohio App.3d 749.
 {¶ 14} "A neutral and detached magistrate may issue a search warrant only upon the finding of probable cause." State v. Gilbert, 4th Dist. No. 06CA3055, 2007-Ohio-2717; citing UnitedStates v. Leon (1984), 468 U.S. 897. *Page 6 
 {¶ 15} According to Crim. R. 41(C), an affidavit supporting a search warrant, "shall name or describe the person to be searched or particularly describe the place to be searched, state substantially the offense in relation thereto and state the factual basis for the affiant's belief that such property is there located."
 {¶ 16} In the case sub judice, we cannot find a substantial basis for the existence of probable cause. Mendoza's affidavit avers "numerous citizen complaints for the above-described premises over the past six to nine months. These complaints include pedestrian traffic, noise, and drug activity."
 {¶ 17} However, mere pedestrian traffic and noise over a six-to nine-month period is insufficient to establish probable cause. There is no documentation of the numerous complaints or who placed them. Nor is pedestrian traffic or noise necessarily indicative of illegal activity. The Cleveland Police conducted no follow-up investigation, surveillance, or a controlled buy linking pedestrian traffic or noise to suspected drug trafficking.
 {¶ 18} Additionally, the complaints for pedestrian traffic, noise, and drug activity over a six-to nine-month period are also insufficient in this case because the complaints are not closely related to the time of the issuance of the warrant.
 {¶ 19} According to the United States Supreme Court:
 "[I]t is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case." Sgro v. United States (1932), 287 U.S. 206. *Page 7 
 {¶ 20} Mendoza's affidavit also averred that a trash pull of multiple trash bags caused the Cleveland Police to collect mail addressed to Kelly and also to collect one large, plastic bag with suspected marijuana residue. However, Mendoza's affidavit failed to state how many trash bags were pulled in order to find one clear, plastic bag with suspected marijuana residue. Further, the suspected marijuana residue had not been tested at the time of the warrant request.
 {¶ 21} The State cites to two cases in support of its contention that probable cause existed in the case sub judice to justify issuing a warrant, namely, State v. Pillar, Cuyahoga App. No. 84566, 2005-Ohio-630
and State v. Litvin (1999), Cuyahoga App. Nos. 74563 and 74564.
 {¶ 22} A review of Pillar, however, reveals that police documented the numerous complaints that specifically named defendant, conducted six weeks of surveillance, and found multiple suspect plastic bags in the trash pull. Pillar at J7. In Litvin, police conducted two weeks of surveillance and found two plastic bags with confirmed marijuana in a trash pull. Litvin at 2-3. The facts of the instant case fall far short of both Pillar and Litvin.
 {¶ 23} Thus, under the totality of the circumstances, we agree with the trial court's determination that the issuing judge did not have a substantial basis for believing probable cause existed underGates.
 {¶ 24} The State of Ohio argues that, even if the issuing judge did not have a sufficient basis for probable cause, a good faith exception applies in the case sub judice. *Page 8 
 {¶ 25} The United States Supreme Court held that:
 "The Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case in chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid." State v. Leon (1984), 468 U.S. 897, at paragraph one of the syllabus.
 {¶ 26} The Supreme Court of Ohio held the same. See State v.Wilmoth (1986), 22 Ohio St.3d 251; George, supra.
 "The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right. By refusing to admit evidence gained as a result of such conduct, the courts hope to instill in those particular investigating officers, or in their future counterparts, a greater degree of care toward the rights of an accused. Where the official action was pursued in complete good faith, however, the deterrence rationale loses much of its force." Michigan v. Tucker (1974), 417 U.S. 433.
 {¶ 27} In applying the good faith exception to the facts of this case, we find that the State of Ohio failed to demonstrate good faith on Mendoza's part in obtaining the search warrant. After numerous complaints spanning a six-to nine-month time frame, none were documented. Cleveland Police did not conduct surveillance or a controlled buy. Additionally, the number of trash bags searched is unknown in order to find mail addressed to Kelly and one plastic bag with suspected marijuana residue that was not tested at the time of the warrant request.
 {¶ 28} As such, we find that the trial court did not err as it pertains to the good faith exception. *Page 9 
 {¶ 29} The State of Ohio's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, J., and JAMES J. SWEENEY, J., CONCUR *Page 1