[Cite as *State v. Goble*, 2014-Ohio-3967.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio

    Appellee

v.

Eddie D. Goble

    Appellant

Court of Appeals No. H-13-030

Trial Court No. CRB 1301223 (A-C)

**DECISION AND JUDGMENT**

Decided: September 12, 2014

* * * * *

G. Stuart O'Hara, Jr. Law Director, and Scott M. Christophel,
Assistant Law Director, for appellee.

Joseph J. Jacobs, Jr., for appellant.

* * * * *

**JENSEN, J.**

{¶ 1} Defendant-appellant, Eddie Goble, appeals the December 4, 2013, judgment of the Norwalk Municipal Court denying his motion to suppress evidence. For the reasons that follow, we reverse the trial court's judgment.

## I. Factual Background

{¶ 2} On July 24, 2013, the Huron County Sheriff's Office obtained a warrant to search the home located at 18 North Pleasant Street in Norwalk, Ohio, the residence of Eddie Goble. Detective Sergeant Joshua Quentin signed the search warrant affidavit indicating his belief that Goble had violated R.C. 2925.03, trafficking in drugs, R.C. 2925.11, possession of drugs, and R.C. 2925.14, possession of drug paraphernalia. In support of his suspicions, he cited the following facts:

(1) He was told by Deputy Todd Temple that in October 2010, deputies conducted a knock and talk after receiving complaints that Goble was growing marijuana in his home. With Goble's consent, the police searched the home and seized sophisticated marijuana growing equipment and several marijuana plants. Goble indicated that he intended to continue growing marijuana for his own personal use. No criminal charges were filed.

(2) On July 22, 2013, Deputy Temple told Det. Quentin that an anonymous complainant told the Huron County Sheriff's Office that he or she suspected that Goble was growing marijuana in his residence. The anonymous complainant provided no additional details. The date of the anonymous complaint is not listed.

(3) On July 23, 2013, Det. Quentin arranged to perform a "trash pull" on Goble's property. He searched through four bags of trash left at

2.

the curb at Goble's home and found an unspecified number of marijuana stems, two marijuana roaches, and a prescription bottle with Goble's name and address on it, linking him to the residence.

{¶ 3} The search warrant authorized the seizure of a variety of evidence which included, *inter alia*, documents and electronic storage devices reflecting the proceeds of criminal offenses, including trafficking in drugs; records relating to employment or lack thereof; tools and equipment used to manufacture, store, process, use, or administer drugs; money and bank records, account information, and jewelry; weapons; photographs of co-conspirators, controlled substances, or assets; safes; electronic devices; vehicles; photographs and fingerprints of persons inside the residence; and documents showing ownership or rights to possession of the residence.

{¶ 4} Det. Quentin and his team executed the warrant on July 25, 2013. They found containers of marijuana leaves and seeds, marijuana pipes, and a hidden room with marijuana growing materials. No actual marijuana plants were discovered.

{¶ 5} Goble was charged with possessing criminal tools, under R.C. 2923.24(A)(3), a misdemeanor of the first degree, possession of marijuana (under 100 grams), under R.C. 2925.11(A)(C)(3)(a), a minor misdemeanor, and possession of marijuana paraphernalia, under R.C. 2925.141(C), a minor misdemeanor. Goble originally entered a plea of not guilty and moved to suppress the evidence seized during the execution of the search warrant, arguing that no probable cause existed to issue the

3.

warrant. In a judgment entry dated December 4, 2013, the court denied Goble's motion. On December 11, 2013, Goble changed his plea to no contest and was found guilty of all charges.

{¶ 6} On December 12, 2013, Goble timely appealed the trial court's judgment denying his motion to suppress. He assigns the following errors for our review:

ASSIGNMENT OF ERROR 1

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS BECAUSE THE EVIDENCE COLLECTED ONLY SUPPORTED THE SUSPECTED COMMISSION OF A MINOR MISDEMEANOR OFFENSE, WHICH IS NOT SUFFICIENT TO ESTABLISH PROBABLE CAUSE TO SEARCH A RESIDENCE.

ASSIGNMENT OF ERROR 2

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS BECAUSE EVIDENCE OBTAINED FROM A SINGLE TRASH PULL DOES NOT PROVIDE SUFFICIENT PROBABLE CAUSE TO SUPPORT THE ISSUANCE OF A SEARCH WARRANT.

## II. Standard of Review

{¶ 7} Appellate review of a motion to suppress is a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. On a motion to suppress, the trial court assumes the role of finder of fact and, as such, is in the

4.

best position to determine witness credibility and resolve factual disputes. *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, ¶ 7, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we must accept the trial court's factual findings as true if supported by competent and credible evidence. *State v. Durnwald*, 163 Ohio App.3d 361, 2005-Ohio-4867, 837 N.E.2d 1234, ¶ 28 (6th Dist.). We then independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard. *State v. Jones-Bateman*, 6th Dist. Wood No. WD-11-074, 2013-Ohio-4739, ¶ 9, citing *State v. Claytor*, 85 Ohio App.3d 623, 626, 620 N.E.2d 906 (4th Dist.1993).

### III. Law and Analysis

{¶ 8} Goble contends that the trial court erred in denying his motion to suppress because officers lacked probable cause in obtaining the search warrant. He argues (1) the trash pull findings supported only the commission of a minor misdemeanor, the possession of marijuana, thus no probable cause existed for the warrant; and (2) evidence obtained through a single trash pull is insufficient to establish probable cause. The state counters that under the totality of the circumstances, there was sufficient evidence to establish probable cause. We will first address Goble's second assignment of error.

{¶ 9} Before the issuance of a search warrant, probable cause must be demonstrated in an affidavit or oath. The Fourth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 14; Crim.R. 41(C). On appeal, we must "determine whether or not the affidavit provided the issuing magistrate with a substantial basis for

5.

determining the existence of probable cause." *State v. Rodriguez*, 64 Ohio App.3d 183, 187, 580 N.E.2d 1127 (6th Dist.1989), citing *Illinois v. Gates*, 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The focus of a probable cause determination is "the totality of the circumstances presented in the affidavit, not each component standing alone." *State v. Brooks*, 6th Dist. Sandusky No. S-87-64, 1988 WL 134181, *2 (Dec. 16, 1988), citing *Gates* at 230-34.

{¶ 10} The affidavit for the search warrant lists essentially three facts in support of the detective's suspicion that Goble was cultivating marijuana and trafficking in drugs: (1) information provided by Deputy Temple concerning the October 2010 incident; (2) the undated anonymous complaint that Goble was growing marijuana; and (3) the discovery of "several" stems and two roaches obtained after searching through four bags of Goble's trash.

{¶ 11} Probable cause must be determined as of the date the warrant is requested, thus the facts presented must be relatively close in time to the date of the affidavit to be of value in making the probable cause determination. *State v. Sautter,* 6th Dist. Lucas No. L-88-321, 1989 WL 90630), *3 (Aug. 11, 1989). Whether facts are "too stale" to be of probative value must be decided on a case-by-case basis. *Id.* In this case, the affidavit was dated July 24, 2013–nearly three years after the October 2010 incident. In our view, this information is indeed too stale to have been of value in making a probable cause determination.

6.

**{¶ 12}** Turning to the anonymous complaint, the affidavit indicates that on July 22, 2013, "Deputy Temple advised that while working for the Huron County Sheriff's Office he received a complaint from an individual that wished to remain anonymous." That anonymous individual apparently reported "that he or she *suspected* Edward Goble was growing Marijuana." (Emphasis added.) "[T]he anonymous person would not provide any more detail in regards to if he/she had observed any plants inside the residence." This court has recognized that "[w]hen no dates are given regarding when the facts in the affidavit were discovered, these facts are insufficient to establish probable cause." *Id.* Here, the affidavit does not provide the date the anonymous complaint was made–it provides only the date the information was conveyed to the detective who signed the affidavit. Moreover, the anonymous complaint lacked any indicia of reliability. The complainant would not reveal his or her identity to law enforcement and he or she stated only that he or she *suspected* that Goble was growing marijuana. No other information was provided. *Compare State v. Ross,* 6th Dist. Lucas No. L-96-266, 1998 WL 15916, *4 (Jan. 16, 1998) (where confidential informant saw defendant sell cocaine and told police that defendant packaged cocaine in squares cut from Victoria Secret catalogues, corroborated by officers' discovery of Victoria Secret catalogues and squares cut from those catalogues in defendant's trash).

**{¶ 13}** This leaves the evidence obtained from the trash pull as the sole basis for obtaining the search warrant. In *State v. Weimer,* 8th Dist. Cuyahoga No. 92094, 2009-Ohio-4983, officers obtained a search warrant of the defendant's home based on (1) a

7.

complaint that a known drug trafficker resided on the property, (2) officers driving by the house twice seeing an accused drug dealer at defendant's residence, and (3) a trash pull during which Ziplock bags and a spoon with cocaine residue were found. Upon an appeal by the state, the appellate court held that the trial court properly suppressed evidence obtained pursuant to the search. The affidavit for search warrant was silent as to the date of the anonymous complaint and omitted the specific dates that surveillance was conducted. *Id.* at ¶ 22. This left only the evidence obtained from the trash pull, which the court concluded was insufficient. *Id.* at ¶ 25. It distinguished the case from other cases upholding search warrants obtained with evidence from a single trash pull because in those other cases, "the facts underlying probable cause were much stronger" and involved additional facts such as "extensive and continuous surveillance by police, heavy foot traffic to and from the target residence * * *, controlled buys by police informants, and even observation of these transactions by police." *Id.*

{¶ 14} Similarly, in *State v. Kelly,* 8th Dist. Cuyahoga No. 91137, 2009-Ohio-957, the court upheld the trial court's suppression of evidence seized pursuant to a search warrant where the warrant was obtained based on "numerous citizen complaints" over a six-to-nine-month period of pedestrian traffic, noise, and drug activity, in addition to a trash pull through which officers found a large plastic bag with suspected marijuana residue. *Id.* at ¶ 4-5. The court found the complaints insufficient because of the lack of documentation, the nature of the complaints, and the police department's failure to conduct any follow-up investigation, surveillance, or a controlled drug buy. As for the

8.

results of the trash-pull, the court was unimpressed that one plastic bag with suspected marijuana that had not yet been tested was sufficient to establish probable cause to obtain a warrant. *Id.* at ¶ 20. It distinguished the case from *State v. Pillar,* 8th Dist. Cuyahoga No. 84566, 2005-Ohio-630*,* where complaints were documented, six weeks of surveillance was conducted, and multiple suspect bags were found in the trash pull. *Id.* at ¶ 22.

{¶ 15} And in *State v. Young,* 146 Ohio App.3d 245, 765 N.E.2d 938 (12th Dist.2001), the appeals court also affirmed the trial court's suppression of evidence. There, officers at defendants' home executing an administrative warrant saw a baggy of "green vegetable matter resembling marijuana" in plain view on a table. *Id.* at 249. Based on this information, officers obtained a warrant to conduct a broad search of the home allowing for "the seizure of drugs and other related contraband." *Id.* at 250. In his affidavit for the search warrant, the detective indicated that he had "reason to believe" and was "of the opinion" that there were "illicit controlled substances, drug paraphernalia, drug contraband items, and evidence of drug abuse-related activity at the residence." *Id.* The affidavit contained boilerplate language not tailored to the case. The court found that the possession of what turned out to be .436 grams of marijuana, without other indicia of trafficking, did not justify the issuance of the search warrant. *Id.* at 250, 255-256. The court stated:

> The search warrant should have been narrowly tailored to include
> those items which the police could have reasonably anticipated finding on

9.

the basis of observing a single baggy of marijuana, which would have included marijuana and marijuana-related paraphernalia. *Id.* at 256.

{¶ 16} Like the cases cited, we conclude that the information contained in the affidavit for search warrant was insufficient to provide probable cause for the extensive search of Goble's home for evidence of cultivation of marijuana and drug trafficking. Having reached this conclusion, we need not address Goble's first assignment of error. We must, however, consider whether the officers' reliance on the search warrant was "objectively reasonable" so as to prevent the exclusion of the evidence obtained from Goble's home.

{¶ 17} In some situations, a "good faith exception" exists to the general rule excluding evidence obtained pursuant to an invalid search warrant. This exception provides that "where evidence is obtained by police acting in *objectively reasonable reliance* on a search warrant issued by a detached and neutral magistrate or judge, which is later discovered to be unsupported by probable cause, the evidence seized remains admissible." *Id.* at 257, citing *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph three of the syllabus. In determining whether an officer's reliance was "objectively reasonable," we consider whether a reasonably well-trained officer would have known that the search was illegal, despite the issuance of the warrant. *Id.,* citing *State v. Hawkins*, 120 Ohio App.3d 277, 282, 697 N.E.2d 1045 (11th Dist.1997). The state bears the burden of proof.

10.

**{¶ 18}** Like the *Young* court, we find that the good faith exception does not apply because the officers "should have known that reliance on the warrant would be unreasonable because it was based on information lacking in indicia of probable cause." *Young,* 146 Ohio App.3d at 258, 765 N.E.2d 938. The information Det. Querin provided to obtain the warrant lacked detail and did not support the broad search that he sought in applying for the warrant. Accordingly, we find Goble's second assignment of error well-taken and we find that the good faith exception does not apply to prevent exclusion of the evidence seized pursuant to the warrant.

**{¶ 19}** As previously indicated, in light of our disposition of Goble's second assignment of error, we need not address his first assignment of error. *See* App.R. 12(A)(1)(c).

### III. Conclusion

**{¶ 20}** We find Goble's second assignment of error well-taken and we find that assignment of error dispositive of his appeal. We reverse the December 4, 2013 judgment of the Norwalk Municipal Court. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                                               _____

                                                                          JUDGE

Thomas J. Osowik, J.


James D. Jensen, J.                            _____

CONCUR.                                                              JUDGE


                                               _____

                                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.