[Cite as *State v. Stonitsch*, 2021-Ohio-2953.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                       :         APPEAL NO. C-200174
                                         TRIAL NO. B-1803702-A

     Plaintiff-Appellee,          :

                                      :         *O P I N I O N.*

   VS.                                  

                                      :

JACOB STONITSCH,                :

     Defendant-Appellant.       :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed, Convictions Vacated, and Cause Remanded

Date of Judgment Entry on Appeal:  August 27, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Greg A. Cohen* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}    This is a companion case to *State v. Martin*, 1st Dist. Hamilton No. C-200067, 2021-Ohio-2599, in which we reversed the trial court's judgment overruling the defendant's motion to suppress.  Appellant Jacob Stonitsch was a co-defendant with Abbey Martin, and the search in *Martin* is the same search at issue here.  Given the indistinguishable facts, we adhere to our recent decision in *Martin* and reach an identical result today.   We hold application of the good faith exception to be erroneous on these facts, reverse the trial court's judgment overruling the defendant's motion to suppress, and remand for the granting of Mr. Stonitsch's suppression motion.

I.

{¶2}    The facts set forth in *State v. Martin* are the same at hand in this case, and we presume familiarity with that opinion.  We provide a brief summary here for convenience.

{¶3}    Between September 2015 and January 2017, Butler County police investigated Mr. Stonitsch for potential drug trafficking in West Chester, Ohio.  After 15 months of thorough and continuous investigation, police submitted an affidavit for a warrant to search his residence (shared with his girlfriend, Ms. Martin).  This affidavit recounted the wide variety of investigative techniques employed by Butler County officers to gather their evidence and establish probable cause, including use of confidential informants, interviews of known associates, anonymous tips, cell phone pings, and a GPS tracker placed on Mr. Stonitsch's vehicle.  A search of the residence resulted in drug charges, and Mr. Stonitsch eventually pled guilty to attempted trafficking of marijuana (a first-degree misdemeanor).

{¶4}    Several months after the conclusion of the Butler County case, in March 2018, a Butler County officer involved with the investigation notified a Hamilton County detective that Mr. Stonitsch and Ms. Martin had moved to Colerain Township.  The Butler County officer provided his Hamilton County counterpart with a copy of the affidavit that he used to procure the search warrant.  But rather than launch a new probe of possible trafficking in Colerain Township, the Hamilton County detective failed to undertake a similar investigation.  No surveillance of the couple's new home occurred, no tips or information implicating either individual in drug activity materialized, and no efforts were made to track Mr. Stonitsch's phone or to monitor the whereabouts of his vehicle.  Then, on June 19, 2018, the Hamilton County detective executed a trash pull from Mr. Stonitsch and Ms. Martin's residence.  The trash pull revealed loose marijuana leaves, a marijuana cigar, "multiple" empty vacuum-sealed plastic bags, and two cut straws—all evidence that the detective later conceded comported with personal drug use.

{¶5}    Armed with this trash-pull evidence, the Hamilton County detective composed a 34-paragraph affidavit for a warrant to search the couple's home.  Out of these 34 paragraphs, however, 28 were copy-pasted word-for-word from the old Butler County affidavit.  At the time the Hamilton County detective submitted this affidavit, the Butler County information was from 17 to 33 months old.  Nonetheless, a warrant was issued, which officers executed at the home on June 26, 2018.  The state subsequently charged Mr. Stonitsch and Ms. Martin with trafficking in hashish, possession of hashish, trafficking in marijuana, and possession of marijuana.  Both co-defendants filed motions to suppress, which the trial court denied on the basis of the good faith exception to the exclusionary rule after concluding that probable cause

was wanting. Mr. Stonitsch pled no contest and now appeals, challenging the trial court's denial of his motion to suppress in a single assignment of error.

II.

{¶6} This appeal raises identical issues to that of Mr. Stonitsch's co-defendant, Ms. Martin. In her appeal, captioned *State v. Martin*, we explained that the 17-to-33-month-old Butler County information fell "far beyond the bounds established by other Ohio courts" for stale evidence. *Martin*, 1st Dist. Hamilton No. C-200067, 2021-Ohio-2599, at ¶ 15. *See, e.g., State v. Gales*, 143 Ohio App.3d 55, 62, 757 N.E.2d 390 (8th Dist.2001) ("Given the perishable nature of the contraband at issue, there is no reason to believe that one might find heroin at the address three months after this alleged admission and single, isolated surveillance[,] * * * probable cause has grown stale."). Although the old evidence might have been "refreshed" (i.e., rendered not stale) by present, corroborative evidence of drug trafficking behavior, we deemed the "slim contents of the trash pull" insufficient to provide corroboration here. *Martin* at ¶ 16. Having determined that the 28 paragraphs of Butler County detail presented stale information—and thus never should have been included in the affidavit in the first place—we removed that evidence from our consideration and evaluated "probable cause based on what remain[ed]: the trash pull." *Id.* at ¶ 18, citing *State v. Weimer*, 8th Dist. Cuyahoga No. 92094, 2009-Ohio-4983, ¶ 30; *State v. Goble*, 2014-Ohio-3967, 20 N.E.3d 280, ¶ 11-13 (6th Dist.); *United States v. Abernathy*, 843 F.3d 243, 250 (6th Cir.2016). We concluded that without the stale Butler County evidence, the Hamilton County detective's affidavit fell "far below a showing of probable cause." *Id.* at ¶ 24.

{¶7}   Next, we considered whether the trial court had properly applied the good-faith exception.  Our inquiry focused on the third exception to the good-faith exception: scenarios where "police have relied on a warrant based on an affidavit so lacking indicia of probable cause that no official could reasonably believe in its existence[.]" *State v. Hampton*, 1st Dist. Hamilton No. C-080187, 2008-Ohio-6088, ¶ 19.  *See State v. George*, 45 Ohio St.3d 325, 331, 544 N.E.2d 640 (1989) (same); *United States v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (same).  Surveying established Ohio and federal precedent, we determined that "[a] reasonably well-trained officer should have known that information obtained from a drug-trafficking investigation in another county—conducted 17 to 33 months ago and concerning a different residence—was too stale to justify issuance of a warrant for a new residence without meaningful, present corroboration.  Likewise, a reasonably well-trained officer should have known that a marijuana cigar, some marijuana leaves, two straws, and a couple of plastic bags—left on the curb and accessible to the public for an unknown amount of time—were insufficient to establish probable cause on their own." *Martin* at ¶ 29.  (Internal citations omitted.)  Finding this affidavit to be "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," we concluded that the good faith exception did not apply and reversed the judgment of the trial court.  *State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, ¶ 98; *Martin* at ¶ 34.

{¶8}   Mr. Stonitsch pursued his appeal independently of Ms. Martin, but now raises the same assignment of error, contending that the trial court improperly applied the good-faith exception to deny his motion to suppress.  This court held oral arguments for Mr. Stonitsch's appeal after *Martin*'s release and invited the parties to

identify any distinguishing features that could support a different outcome here. Finding no basis for distinction, we hereby adopt the reasoning outlined in *Martin* and sustain Mr. Stonitsch's sole assignment of error.

{¶9} Our review of the briefs and arguments in this appeal only enhances the conclusion we reached in *Martin.* Mr. Stonitsch's appellate brief emphasizes the additional point that the Hamilton County detective neglected to execute the search warrant until June 26, a full week after conducting the trash pull. This means that, at best, he had evidence of personal drug use associated with the residence at some point one to two weeks prior to the search. This evidence simply does not "support[] a conclusion of the probable presence of contraband" at the property "on the day of the search." *See Weimer*, 8th Dist. Cuyahoga No. 92094, 2009-Ohio-4983, at ¶ 26. *See also Abernanthy*, 843 F.3d at 255 ("The inability to tell when drugs were last in the home diminishes any inference that drugs were still in the home.").

{¶10} We are further concerned by the revelation in this appeal that one of the precious few pieces of newer evidence contained in the affidavit—Mr. Stonitsch's 2018 conviction—was presented to the issuing judge in an arguably misleading fashion. The affidavit conveys that a "search of Jacob N. Stonitsch revealed *felony trafficking in drugs and possession of drugs*. Jacob N. Stonitsch was convicted of attempted trafficking in marijuana in February of 2018." (Emphasis added.) But at oral arguments, both parties agreed that the 2018 conviction was a misdemeanor. The state could identify no other convictions, let alone a conviction for felony trafficking. This renders the affidavit's language surrounding the 2018 conviction arguably misleading, further bolstering our conclusion about the unreasonableness

6

of reliance on the warrant. *See Weimer* at ¶ 30-32 (the law requires removal of misleading statements from the officer's affidavit).

{¶11} Confronted with the absence of present drug-trafficking evidence in this case, the state urges us to consider Mr. Stonitsch's identity itself—specifically, his identity as an individual previously charged with drug trafficking—as present corroboration sufficient to revive stale evidence. We cannot accept this logic, which dances dangerously close to the sentiment: "Once a drug dealer, always a drug dealer." The state cannot wield a years-old drug investigation (that yielded only a misdemeanor conviction) as a scarlet letter, obviating its burden to produce a *present* showing of probable cause. *See Sgro v. United States*, 287 U.S. 206, 210, 53 S.Ct. 138, 77 L.Ed. 260 (1932) ("[I]t is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time."). Were we to endorse this reasoning, we risk creating two tiers of Fourth Amendment protection: one for individuals without prior drug offenses (against whom the state must gather present evidence of probable cause), and another for those with a prior drug offense (for whom stale evidence will suffice). "The Constitution does not allow such a polarization of Fourth Amendment rights." *State v. Warren*, 129 Ohio App.3d 598, 606, 718 N.E.2d 936 (1st Dist.1998).

{¶12} For all the foregoing reasons, and as explained further in *Martin*, we sustain Mr. Stonitsch's assignment of error and reverse the trial court's judgment denying his motion to suppress. His convictions are vacated and the cause remanded to the trial court with instructions that his motion to suppress be granted.

Judgment reversed, convictions vacated, and cause remanded.

**BOCK, J**., concurs.

7

**MYERS, P.J**., dissents.

**MYERS, J**., dissenting.

{¶13}   I respectfully dissent.  For the reasons stated in my dissent in *State v. Martin*, 1st Dist. Hamilton No. C-200067, 2021-Ohio-2599, I would hold that the trial court did not err in finding that the good-faith exception to the exclusionary rule applied.  Therefore, I would affirm the trial court's denial of the motion to suppress.

Please note:

The court has recorded its entry on the date of the release of this opinion